# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

ANGELO RUOTOLO

Write the full name of each plaintiff.

_____CV_____

(Include case number if one has been assigned)

-against-

TOWN OF NEW PALTZ; STACY DELAREDE;
MARK JAFFEE; JAMES BACON; JUAN FIGUEROA
KEVIN BARRY; NEIL BETTEX; JOHN DOE
JANE DOE

Write the full name of each defendant. If you need more space, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section II.

## COMPLAINT

Do you want a jury trial?
☑ Yes  ☐ No



RECEIVED
NOV 15 2021
U.S.D.C.
W.P.

---

## NOTICE

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

## I.  BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☑  **Federal Question**

☐  **Diversity of Citizenship**

## A.  If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

14TH AMENDMENT TO U.S. CONSTITUTION; 5TH AMENDMENT TO US CONSTITUTION; 8TH AMENDMENT TO US CONSTITUTION; 6TH AMENDMENT TO US CONSTITUTION; NYS HUMAN RIGHTS LAW — VIOLATIONS OCCURRED WHEN I WAS UNLAWFULLY IMPRISONED FOR BUILDING CODE VIOLATION WITHOUT A JURY RENDERING A SEPARATE VERDICT OF GUILTY AND BEYOND STATUTORY PERIOD FOR PROSECUTION.

## B.  If you checked Diversity of Citizenship

### 1.  Citizenship of the parties

SEE TYPED PAGES 1-56

Of what State is each party a citizen? (NEW YORK)

The plaintiff, ANGELO RUOTOLO , is a citizen of the State of (NEW YORK)
(Plaintiff's name)

NEW YORK
(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

Page 2

If the defendant is an individual:

The defendant, _TOWN OF NEW PALTZ ET AL_ is a citizen of the State of
(Defendant's name)

_NEW YORK_

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____

If the defendant is a corporation:

The defendant, _____, is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____

If more than one defendant is named in the complaint, attach additional pages providing information for each additional defendant.

## II. PARTIES

### A. Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional pages if needed.

_ANGELO_                _RUOTOLO_
First Name          Middle Initial          Last Name

_96 PELHAM DRIVE    (COUNTY OF ORANGE)_
Street Address

_CORNWALL N.Y. 12561_
County, City                    State                    Zip Code

_917-604-7332_                _ANGELOMARY23@GMAIL.COM_
Telephone Number              Email Address (if available)

## B. Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1: TOWN OF NEW PALTZ
First Name            Last Name

52 CLEARWATER ROAD NEW PALTZ NY 12561
Current Job Title (or other identifying information)

52 CLEARWATER ROAD NEW PALTZ NY 12561
Current Work Address (or other address where defendant may be served)

ULSTER                NY            12561
County, City          State         Zip Code

Defendant 2: STACY            DELAREDE
First Name            Last Name

52 CLEARWATER ROAD NEW PALTZ NY 12561
Current Job Title (or other identifying information)

NEW PALTZ BUILDING INSPECTOR SUPERVISOR
Current Work Address (or other address where defendant may be served)

ULSTER                NY            12561
County, City          State         Zip Code

Defendant 3: MARK JAFFEE
First Name            Last Name

BUILDING INSPECTOR
Current Job Title (or other identifying information)

52 CLEARWATER ROAD NEW PALTZ NY 12561
Current Work Address (or other address where defendant may be served)

ULSTER                NY            12561
County, City          State         Zip Code

JAMES BACON (TOWN JUDGE)          NEIL BETTEX (TOWN SUPV.)
52 CLEARWATER ROAD                52 CLEARWATER ROAD
NEW PALTZ NY 12561                NEW PALTZ NY 12561

KEVIN BARRY (TOWN ATTORNEY)       JUAN FIGUEROA (SHERIFF)
310 MILL ST                       380 BOULEVARD
POUGHKEEPSIE NY 12601             KINGSTON NY 12401

                                  JOHN DOE JANE DOE

**Defendant 4:** _____

First Name                    Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                    State                    Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence: _NEW PALTZ TOWN COURT_

Date(s) of occurrence: _APRIL 2015 — MARCH 2021_

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

SEE TYPED PAGES ATTACHED PAGES 1-56. IN SUM AND SUBSTANCE ① THE PLAINTIFF PROPERTY MANAGER WAS JAILED FOR A BUILDING /ODE VIOLATION WITHOUT THE JURY RENDERING A VERDICT ON THE PROPERTY MANAGER OF GUILTY. ② THE PROPERTY MANAGER/PLAINTIFF WAS NOT THE OWNER OF THE SUBJECT PROPERTY WHERE THE ALLEGED /ODE VIOLATION EXISTED AND PURSUANT TO NEW YORK STATE LIMITED LIABILITY COMPANY LAW AT SECTION 609 THE DEBTS AND OBLIGATIONS OF THE LIMITED LIABILITY COMPANY CANNOT BE IMPOSED ON THE MANAGING AGENT. ③ THE PROSECUTION AND UNLAWFULL IMPRISONMENT TOOK PLACE WELL BEYOND THE STATUTE OF LIMITATION AS SET FORTH UNDER THE NYS UNIFORM JUSTICE COURT ACT AT SECTION 1301; ④ VIOLATIONS OF NEW YORK STATE HUMAN RIGHTS LAW TOOK PLACE

Page 5

WHILE IN THE CARE AND CUSTODY OF THE ULSTER COUNTY JAIL. ULSTER COUNTY JAIL MEDICAL STAFF REFUSED TO ADMINISTER TO ME MY PRESCRIBED MEDICATIONS, EVEN THOUGH THOSE MEDICATIONS HAD BEEN DELIVERED TO ULSTER COUNTY JAIL FOR ADMINISTERING TO ME. (5) PLAINTIFF/PROPERTY MANAGER WAS FORCED TO SIGN WAIVER OF APPEAL UNDER EXTREME DURESS AND POOR HEALTH CAUSED BY ULSTER COUNTY JAIL NOT ADMINISTERING TO ME MY PRESCRIBED MEDICATIONS. (6) I WAS NOT APPOINTED NOR ADVISED THAT I COULD HAVE AN ATTORNEY APPOINTED UNDER NYS CPL 170.10, AND AS SET FORTH UNDER NYS COUNTY LAW 18B, PAR. 722, AND AS ENTITLED TO UNDER 6TH AMENDMENT TO US CONSTITUTION AND AS REQUIRED UNDER UNITED STATES SUPREME COURT

**INJURIES:** (LEGAL PRECEDENT OF ARGENSINGER V HAMLIN. SEE TYPED PAGES

If you were injured as a result of these actions, describe your injuries and what medical AT 1-51
treatment, if any, you required and received.

BLOOD GLUCOSE NUMBERS WERE 117 UPON ENTERING JAIL FOR UNLAWFUL DETENTION AND ROSE STEADILY GOING TO A HIGH OF 408 DURING MY UNLAWFULL INCARCERATION. UNLAWFULL IMPRISONMENT CAUSED ME SEVERE DEPRESSION WHICH EXISTS TILL THIS DAY AND IS ONGOING; MONETARY DAMAGES TO SUBJECT PROPERTIES AS A RESULT OF TARGETED SELECTIVE ENFORCEMENT IS BELIEVED TO BE IN

**IV. RELIEF** EXCESS OF $1,000,000 (ONE MILLION DOLLARS)

State briefly what money damages or other relief you want the court to order.

$3,000,000 (THREE MILLION) FOR UNLAWFULL IMPRISONMENT; $3,000,000 (THREE MILLION FOR ECONOMIC DAMAGE TO PROPERTY INTERESTS; WHATEVER OTHER RELIEF COURT DEEMS JUST AND PROPER

## V. PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

**Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.**

| | |
|---|---|
| 10/29/2021 | *Angelo Ruotolo* |
| **Dated** | **Plaintiff's Signature** |
| ANGELO | RUOTOLO |
| **First Name**   **Middle Initial** | **Last Name** |
| 96 PELHAM DRIVE | |
| **Street Address** | |
| (ORANGE COUNTY) CORNWALL | NY     12518 |
| **County, City** | **State**     **Zip Code** |
| 917-604-7332 | Angelo Mary23 @ GMAIL.com |
| **Telephone Number** | **Email Address (if available)** |

**I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:**

☐ Yes    ☑ No

   If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.

DUE TO DIFFICULTY OF WORKING ON COMPUTER SCREEN FOR PROLONGED PERIODS OF TIME, I AM UNABLE TO CONSENT TO RECEIVING DOCUMENTS ELECTRONICALLY.

Page 7

## INTRODUCTION

This complaint is being submitted due to various Civil Rights violations 42 USC.
1983

and due process of law violations that were committed by the New Paltz

Town Court and the Town of New Paltz along with its named

employees, against the plaintiff , when the New Paltz Town Court, acting

on behalf of the Town of New Paltz, unlawfully incarcerated the plaintiff

and imposed monetary fines on the plaintiff that were between 14 and

21 times the maximum amount that was allowed as per New York State

Town Law 268.  The unlawful incarceration and excessive fines were

imposed against the Plaintiff, who was the property manager, and not

the owner of the properties, for a Building Code violation, even though

the jury never rendered a guilty verdict on the property manager for the

137 Route 208 LLC, and there was never even a trial held on the second

property (i.e. 139 State Route 209 LLC) at all.  Yet the plaintiff/property

manager was ordered to pay personally a $7,500 fine for the owner of

the property.  This complaint consists of the attached Federal Court Pro

Se form for Civil Rights Violation; typed pages numbered 1- 56 detailing

the background of the matter; supporting documentation (exhibit B)

which is 308 pages of substantiating proof for each claim asserted;

additional claims asserted at exhibit "A"; Federal Summons served on

1

Defendants.  The Plaintiff in this Federal Civil Rights Action is the

property manager for two owners/housing operators of off-campus

student housing at 137 State Route 208 and 139 State Route 208  in

New Paltz, New York.  The defendants are the Town of New Paltz;

various named employees, Kevin Barry, the attorney hired to prosecute

the building code violation, James Bacon New Paltz Town Judge; and

John Doe, the Ulster County Assistant District Attorney whose name is

yet to be determined, who was believed to be specifically assigned to

New Paltz Town Court and tasked with ensuring that criminal court

proceedings in New Paltz Town Court comport with all New York State

CPL guidelines and federal constitutional standards.

**BACKGROUND INFORMATION; TIME LINE AND CLAIMS UPON WHICH THIS COMPLAINT IS PREMISED.**

On or about December 2012 the Plaintiff purchased a home

located at 139 State Route 208 in New Paltz NY 12561 to be used as a

rental property, for off-campus student rental.

On or about April 2013 the Plaintiff purchased the property next

door, with an address of 137 State Route 208 New Paltz NY 12561, also

to be used as off campus student rentals.

2

On or about September 2015 a newly hired building inspector, named Mark Jaffee left me a message on voice mail to inform me that there were violations at the 139 Route 208 house due to an alleged illegal apartment downstairs, and asked me to call him in order to avoid court proceedings. I immediately called building inspector mark Jaffee and subsequent conversation with Building Inspector Jaffee revealed that the building code violations were based on an inspection that his supervisor had conducted on or about April 4, 2015. Based on conversation with Mark Jaffee, no additional inspections were ever conducted neither by him, nor his supervisor Stacy Delarede at the 137 house, but violations were nevertheless issued for both locations.

Criminal Court Proceedings were filed against the Plaintiff/Owner, on or about October 2015 and irrespective of the violations being issued based on the hearsay evidence and inspections of Stacy Delarede in April 2015, for the 139 house, and no inspections at all being conducted in the 137 house, the plaintiff did respond to Criminal Court and asked Building Inspector Mark Jafffee, as to what needed to be done in order to bring the rental properties to code and to the satisfaction of the building inspector.

3

An agreement was reached and this agreement was acknowledged in the Criminal Court Proceedings, (see hand-numbered page 115 of Court transcript for hearing of February 9, 2016). The agreement reached, was in sum and substance that in order to make everything satisfactory to the Building inspector Mark Jaffee, I would hire an engineering firm in order to get Ulster County Board of Health Approval for the two properties to be used as they were being used at that time, namely housing 7 students at the 139 Route 208 house and housing 6 students at the 137 house. Mark Jaffee stated that if the Ulster County Board of Health was in agreement and the well water capacity and the Septic capacity was adequate and Ulster County Department of Health was OK with that, so was he. Mark Jaffee even provided to me the name of an engineer whom he recommended in open court and on the record. (See hand-numbered page at 116). This highly unethical and dubious reccommendation, made on the record and in open court, was something that did not at all appear to raise any concern of the New Paltz Town Judge, James Bacon, although based on ethical guidelines, it should have done so. (See court transcript at hand-numbered page 116 of substantiating material.)

4

I did comply to the fullest letter of the agreement reached with Mark Jaffee, with the exception that I did not hire the engineer suggested by him, namely Mr. Willham, but rather hired a different engineering firm, Katterskill Associates out of Latham, New York.

In addition to hiring an engineering firm to evaluate the leeching field and well water capacity, and file for Ulster County Board of Health Approval for continued use of both residences as they were being used at that time, Mark Jaffee also "suggested" that I install dual flush toilets in order to minimize water use by the students; that I install water meters even though owner was on well water; that I install low flow shower heads; that I or my engineer record periodic number of gallons used and discharged by the students and compare that use with the as-built capacity of the septic system; leeching field; well water capacity; and include those numbers on the application to be submitted to the Ulster County Board of Health. Total compliance was made at substantial expenses with the requests made by the building inspector. Following site evaluations, inspections and report to the Ulster County Board of health by the Katterskill Associates engineer, an application was filed by Katterskill Associates with the Ulster County Board of Health department and the application to continue to use the properties

5

as they were being used, was approved. (See hand-numbered 127 of substantiating material, exhibit B).

The Katterskill Associates report prominently lists on page 1 that the properties are being used to house 7 students in the 139 house and 6 students in the 137 house. (See hand-numbered pages at 123 for a copy of this report.) A copy of this report was also provided to the New Paltz Building Department. (See date stamped copy of the Katterskill associates report at hand-numbered page 123-126).

Based on the Katterskill Associates engineers report, detailing results of their engineers inspection, and data based on water and septic sewage discharge into the leeching field, versus capacity as built, the Ulster County Department of Health, approved continued use as it was being used at that time, and Mark Jaffee was informed of and provided with a copy of the Ulster County Board of Health Approval. (See hand-numbered page at 127 for a copy of the Ulster County Board of health Approval.) **AT NO TIME DID MARK JAFFEE SAY OR COMMUNICATE WITH THE OWNER THAT STUDENT HOUSING WAS A USE NOT ALLOWED.**

Following the Approval from the Ulster County Board of Health in 2016 (see hand-numbered page 127 of substantiating material, exhibit

6

B), and providing this approval to Mark Jaffee, the plaintiff then asked

Mark Jaffee as to what were the next steps that needed to be complied

with in order to finalize the matter.  Mark Jaffee instructed the plaintiff

to file a permit application for each property;; render to the best of my

ability a plan drawing showing what the lower area looked like in both

residences; and submit the application,  fee, and drawing to the New

Paltz Building Department.  Again owner complied to the fullest letter of

instructions and on the application, the plaintiff prominently listed on

each permit application (see hand-numbered pages 129) that each

property **was being used as 100% student housing** on at least 2

separate locations on each application.  (See hand-numbered pages

129-132).

Based on information provided by Mark Jaffee, in or about June

2016, Criminal Proceedings were withdrawn, and Mark Jaffee informs

the plaintiff in an E mail that he no longer has to report to court in

connection with these criminal proceedings,


On or about May 2016 ownership of both properties were

transferred to the 139 State Route 208 LLC and the 137 State Route 208

LLC.  The plaintiff did continue in a management capacity for each LLC.

7

On or about October 2018 New and additional criminal proceedings were brought against each respective LLC and its managing agent for a building code violation under a fictitious name, and this time the criminal proceedings were for **Single Family House used as student housing, use not allowed.** (See each respective order to remedy and hand-numbered page 57-58 for the 139 house and for the 137 house). At no time prior to these latest criminal proceedings, was there any mention by Mark Jaffee, nor anyone else at the building department, that student housing was not being allowed even though the Katterskill Associates Report at hand-numbered pages 123, as well as my permit applications in 2016, at hand-numbered pages 129-133 of substantiating material, exhibit B, prominently disclosed that these properties were being used as 100% student housing. Additionally these criminal proceedings were brought against the LLC's who were now the lawful owners of the properties, and also against the managing member, under a false name. Under New York State Limited Liability Company Law at section 609, the debts and obligations of a limited liability company cannot be imposed on any managing agent or member of the LLC. (See hand-numbered page 198 of substantiating material,

exhibit B) . By subjecting the property manager to criminal court proceedings, even when done under a false name, when the New York State Limited Liability Company law at section 609, makes clear that a managing member or agent of an LLC cannot be held liable for the debts or obligations of the LLC, the defendants violated the 5th and 14th amendment to the United States Constitution, and due process of law because it prosecuted a member of the LLC in clear violation of the New York State Limited Liabailtiy company Law at section 609 and ordered the member to pay personally the unlawful fines imposed.

I again responded to the latest rounds of criminal Court proceedings on or about April 23, 2019 for the alleged building code violation of using the residences for student housing, use not allowed, and in sum and substance informed the court that since I prominently listed in 2016 on my permit applications, (see pages 129-133) as well as the Katterskill Associates report to the Ulster County Department of Health listing that the properties were being used as student housing (page 123 of substantiating material), a copy of which was provided to the New Paltz Building Department,  prominently disclosing that these properties were being used as 100% off campus student housing, that I would not be settling this case and requested a separate trial by jury for

9

each property.   (See Court Transcript for April 23, 2019 at hand-numbered pages 15-18, exhibit B).   Prior to this hearing, the plaintiff specifically wrote to the court in a letter dated April 2, 2019, (see hand-numbered pages 90a-90d of substantiating material)  and informed the court that this matter had been the subject of previous criminal court proceedings and was settled to the fullest satisfaction of the Building Inspector Mark Jaffee in 2016.  I also informed the court that  the appearance ticket contained the wrong name, Anthony Routolo, a name that I have never used or been known by and asked the court to dismiss the proceedings based on numerous defects in the appearance ticket, wrong name, and various additional defects including res judicata and collateral estoppel based on the agreement reached with Mark Jaffee in 2016; substantial expenses incurred in 2016 to fully comply with the agreement reached with Mark Jaffee;  and ultimately full compliance with that agreement reached in New Paltz Town Court in 2016.  I also informed the court in my April 2nd 2019 letter that I had not been supplied with a supporting deposition, which is a requirement pursuant to criminal proceedings that are initiated with Criminal Court Appearance Ticket.  See letter to court dated April 2nd 2016 at hand-numbered pages 90a-90d of substantiating material, exhibit B)

The Court refused to grant the dismissal and also refused to order a

supporting deposition being provided to me, even though this is a

requirement under the New York State CPL at 170.65(1) , without which

no prosecution on a misdemeanor complaint can take place. (hand-

numbered page 168 of exhibit B). A follow up status hearing for May

28, 2016 was set and no trial date at all was set at the arraignment

hearing of April 23 2019, even though a trial date was required to be set

on that date with no less than 10 days and not more than 30 days from

the date of my appearance to enter a plea of not guilty, which was on

April 23, 2019. This requirement is set forth under New York State

Uniform Justice Court Act at section 1301. (See hand-numbered page 14

of substantiating material, exhibit B).

The New Paltz Town Court is a New York State Justice Court

subject to all rules and regulations as set forth under the New York State

Uniform Justice Court Act. Section 1301 of the New York State Uniform

Justice Court Act required the court to set a trial date no lesser than 10

days from the date of arraignment nor more than 30 days from the date

of arraignment. (See hand-numbered page 14 of substantiating

evidence). A Trial date was set in September of 2019 for November 14,

11

2019 for the 137 property and a separate Trial Date was set up for

November 21 2019 for the 139 property. A sham trial was carried out

on November 14, 2019 for the 137 matter and a copy of the Court

Transcript is being attached and made part of this complaint as Exhibit

"C". By subjecting me to criminal proceedings long after the time had

expired for such criminal proceedings as set forth under the New York

State Uniform Justice Court Act at section 1301, the New Paltz Town

Court Judge James Bacon and its prosecuting attorney, Kevin Barry,

violated the plaintiff's civil rights under the United States Constitution at

the 5th, 6th and 14th amendment to the United States Constitution,

because they maintained criminal court proceedings long after the time

period for such trial on those riminal proceedings had expired, under

section 1301 of the Uniform Justice Court Act. The 6th amendment to

the United States Constitution reads in pertinent part, "In all criminal

proceedings, the accused shall enjoy the right to a speedy trial and a

public trial by an impartial jury of the State and district wherein the

crime shall have been committed...")  The 5th amendment to the United

States Constitution reads in pertinent part ("No person shall....be

deprived of life, liberty or property without due process of law...").  The

14th amendment to the United States Constitution reads in pertinent

part; ("All persons born or naturalized in the United States are subject to the jurisdiction thereof; are citizens of the United States and of the State wherein they reside. No State shall....deprive any person of life, liberty or property, without due process of law;"). By prosecuting me well beyond the statutory period allowed, the New Paltz Town Court and its prosecuting attorney, violated my 6th Amendment rights ("In all criminal proceedings, the accused shall enjoy the right to a speedy trial..." and 14th amendment to the United States Constitution ("...nor shall any State deprive any person of life, liberty or property without due process of law ...").

Additionally, on the evening of arraignment, April 23, 2019, the New Paltz Town Court was required, pursuant to CPL 170.10 (see hand-numbered page 76 of substantiating material, exhibit B) to inform me which law I had violated that could lend me in jail, but at all relevant times failed to do so. (See Court transcript for April 23, 2019 at hand-numbered pages 15-18 of substantiating material, exhibit B).

The following violations of Civil Rights, and Due Process of Law were committed by the New Paltz Town Court on the evening of April 23, 2019; By failing to inform me as to which Law I had allegedly violated that could result in jail time, as required under New York State

13

CPL 170.10, (see hand-numbered page 76 of substantiating material, exhibit B), the New Paltz Town Court and its prosecuting attorney, Kevin Barry, violated my federal due process rights under the 6th amendment to the United States Constitution ("...and to be informed of the nature and cause of the of the accusation...") and without providing such information, the New Paltz town court prosecuted me without setting forth which law I was being prosecuted under, and as such violated my civil rights and 6th amendment under the Uniited States Constitution (i.e. "and to be informed of the nature and cause of the accusation"). In summary, the following violations of civil rights were committed against the defendant based on deprived rights and due process under the New York State CPL:

    a. The New Paltz Town Court failed to inform me of which Law I had violated, that could lend me in Jail. Informing a defendant of which law he has violated that could cause him to go to jail is a requirement under NYS CPL 170.10. By not complying with this requirement the New Paltz town court and its judge and prosecuting attorney violated the plaintiff's civil rights under

the 5th, 6th and 14th amendment to the United State

constitution.

b.  The New Paltz Town Court failed to inform me of my right to

have counsel appointed  pursuant to CPL 170.10(3) (see page

76 of substantiating material, exhibit B) as is required, to

appoint an attorney in a criminal matter where jail time is

contemplated.

c.  The New Paltz Town Court was required to take affirmative

steps to appoint an attorney, CPL 170.10(4)(a)  if jail time is

contemplated.  This is also a requirement under New York

State County Law at section 18b paragraph 722 (hand-

numbered page 220 of substantiating pages, exhibit B), as well

as required under two United States Supreme Court Legal

Precedents.  Under the United States Supreme Court Legal

Precedent of Argensinger v Hamlin, requires appointment of

counsel if jail time is contemplated.   Pursuant to the United

States Court decision under Argensinger v. Hamlin, holding

that the accused cannot be subject to actual imprisonment

unless provided with counsel.  Under Gideon v  Wainright, the

United States Supreme Court  made the right to counsel

15

applicable to States as provided in the sixth amendment through the 14th amendment. By not appointing counsel where jail time is contemplated the New Paltz Town Court violated the plaintiff's 14th and 6th amendment to the United States Constitution by not complying with the above referenced United States Supreme Court decisions and also violated plaintiff's civil rights by not complying with New York State CPL 170.10(3) and (4)(a.). The New Paltz Town Court did recommend that I hire my own lawyer for the criminal proceedings. This however, proved to be unusually difficult due to the extraordinary unorthodox nature of the case. No attorney approached had ever heard of criminal proceedings with jail time for a building code violation and no one knew what to make of it.

d. Additional Civil Rights violations were committed when the New Paltz Town Court and its prosecuting attorney failed to comply with New York State CPL at section 170.65 because pursuant to CPL 170.65 no prosecution can take place on a misdemeanor complaint, unless the defendant waives his rights to a supporting deposition pursuant to CPL 170.65(3).

(See hand-numbered page 168 of substantiating pages).  As per

CPL 170.65 in order for the prosecutor to proceed forward

with the prosecution, on a misdemeanor complaint, the

misdemeanor complaint **must** be converted into an

informational by the supplementing of a supporting

deposition.  (See hand-numbered page168 of attached

substantiating material for CPL 170.65).  I repeatedly

requested a supporting deposition, and the prosecuting

attorney stated on the record that I had made such request,

and stated on the record that one would be provided, (see

Court Transcript for hearing of May 28,  2019 at page 82,

exhibit B) but no such supporting deposition was ever served

to the property manager nor the owner of the property.  In fact

Mark Jaffee testified at trial that he never signed any

supporting deposition and that his appearance ticket was his

supporting deposition.  (See hand-numbered pages at 235-236

of substantiating material at exhibit B).  By not carrying out

the prosecution as required under CPL 170.65, the New Paltz

Town Court and its prosecuting attorney violated the Plaintiff's

civil rights under the 6th and the 14th Amendment to the United

17

States Constitution as well as the New York State Constitution, because they prosecuted the defendant without due process of law.

e.   The New Paltz Town Court  also failed to inform the property manager  that he did not need to enter a plea and that he could not be prosecuted on the misdemeanor complaint without that complaint being converted into an informational as is called for under CPL 170.10 (4)(d).  (See hand-numbered page 76 of substantiating material).  Without complying with this section of the New York State CPL, the New Paltz Town Court violated the property managers  civil rights under the 14th amendment ("...nor shall any State deprive any person of life, liberty or property without due process of law;...")

f.   The New Paltz Town Court failed to inform the defendant that he was entitled to have a supporting deposition and that without this supporting deposition no criminal prosecution could take place.   CPL 170.10(4)(c ) .  See hand-numbered pages  76 of substantiating material.  And this constitutes a separate and additional violation under the 14th amendment to the United States Constitution.

18

g. The violations of due process as detailed in items a-f above can
be verified by reading the court transcript for the evening of
April 23, 2019. (See hand-numbered pages 15-18 of
substantiating material at exhibit B) Failure to provide the
defendant with all of the required rights and notifications as
detailed under CPL 170.10 and 170.65, constitutes a violation
of due process Under the united States Constitution at the 14th
amendment, because the 14th amendment reads: "...nor shall
any state deprive any person of life, liberty, or property,
without due process of law; nor deny to any person within its
jurisdiction the equal protection of laws". By committing the
plaintiff to jail under a false name for 90 days on the evening
of January 7, 2020 (hand-numbered page 59) and imposing
monetary fines that were 14 and 21 times the maximum
allowed, and imposing those fines personally on the plaintiff
(see hand-numbered pages 33-34 of substantiating material),
the Town of New Paltz violated plaintiff's rights under the 14th,
5th and 8th Amendments to the united States Constitution,
because the plaintiff was required to be provided those rights,
protections  and procedures that are detailed under CPL

19

170.65; CPL 170.10; 8th, 5th, 6th, and 14th Amendments to the

United States Constitution.  Furthermore, without the New

Paltz Town Court's adhering to the requirement under the New

York State Justice Court act at 1301, it violated the plaintiff's

rights under the 6th Amendment to the United States

Constitution (i.e., "In all criminal prosecutions the accused shall

enjoy the right to a speedy and a public trial,,,")

h. At the May 28, 2019 hearing I once again asked for a penal

code law that I had violated that could lend me in jail, and

Kevin Barry stated on the record that he would have to check

up on that.  (See copy of Court Transcript for the May 28, 2019

hearing at hand-numbered page 86 of exhibit B for verification

of this text)  By not informing me as to which  law I had

violated that could lend me in jail on the evening of May 28th

2019,  the New Paltz Town Court once again violated the

plaintiff's  6th Amendment rights under the United States

Constitution, because the court was required to inform me of

this pursuant to CPL 170.10(2) (see page 76 of substantiating

pages, exhibit B)   Both on the evenings of arraignment, April

23, 2019 and on the evening  of the follow up status hearing of

May 28, 2019, I was told that the building code violation was pursuant to violating New Paltz Building Code section 140-8b. (See hand-numbered pages at 91-93 for section 140-8b of the New Paltz Building code). It is inarguable that nowhere under New Paltz Building Code 140-8b does it say that a violation of this code is a finable nor a jailable offense. In fact, if the New Paltz Building Code at section 140-8b is construed as a criminal law upon which a jail sentence can be imposed, then that section is Void for Vagueness because it requires the manipulation of a series of "x's"; "o's" and "p's" to be manipulated and applied into a grid pattern in order to determine if a use is or is not allowed. See hand-numbered pages at 94-113 of exhibit B for case law on Void for Vagueness doctrine). By sending the plaintiff to jail based on a building code section that does not even provide for jail time, or at best being so vague as to not permit a person or ordinary intelligence to determine if he or she is violating that building code section, the New Paltz Town Court violated the plaintiff's civil rights at the 6th Amendment to the united States

Constitution, where it reads "...and to be informed of the

nature and cause of the accusation;".


## HAND PICKED JURY POOL

On the date of trial I was not provided with a jury pool that was

consistent with my request in my April 2nd 2019 letter(hand-numbered

pages 90a-90d)  nor was the jury pool consistent with the 6th

amendment to the United States Constitution.  The Jury pool in fact

included personal friends of Judge James Bacon, and judge Bacon states

on the record that that he knows  juror Paul Brown; (this was

acknowledged on the record; see pages of transcript at hand-numbered

page  249, exhibit B) as well as that same juror stating on the record,

that he knows prosecuting attorney  Kevin Barry from the time that

juror Brown worked on the New Paltz planning board and the

prosecuting attorney worked on the New Paltz town board.   (see hand-

numbered pages at 249 of substantiating material)  Juror Paul Brown

was greeted on the record by first name by Judge Bacon.  Allowing this

juror to act as juror on my case, as well as Jillian Difalco who stated that

her landlord did not heat part of her rental apartment, constitutes a

violation of my 6th Amendment under the United States Constitution,

because the United States Constitution reads as follows at the 6th amendment: "In all criminal prosecutions the accused shall enjoy the right to a speedy trial and public trial, by an **impartial jury of the State** and District wherin the crime shall have been committed which district shall have been previously ascertained by law, **and....to have the assistance of counsel for his defence".**    By prosecuting me without an impartial jury and not even as much as informing me that because jail time was contemplated, that I was entitled to have counsel appointed,  the New Paltz town Court violated my Civil Rights under the United States Constitution at the 6th Amendment.  (See hand-numbered page 249 of the Court Transcript for transcribed text where Juror Paul Brown is identified by first name by Judge Bacon; Judge Bacon states on the record that he knows Paul Brown and that Paul Brown also states on the record that he knows Kevin Barry form the time when Kevin Barry worked for the New Paltz Town Board and Juror Paul Brown worked for the New Paltz Planning Board).  Juror Paul Brown was then permitted to sit on my jury.

During the course of court proceedings and leading up to trial,  I repeatedly disclosed to the building inspector, Mark Jaffee, to the judge and to Kevin Barry, that I had in fact complied to the fullest letter of the

23

law with Mark Jaffee's instructions in 2015/16 criminal proceedings, and that I had fully disclosed on the each building permit applications in 2016 (see hand-numbered 129-133 of substantiating pages) that both residences located at 139 and 137 Route 208 were being used as 100% student housing. Upon being provided with irrefutable proof of this, the Town of New Platz and its court, then changed their legal strategy, without amending the original appearance ticket (see hand-numbered pages 141 of substantiating material), nor amending its orders to remedy (see hand-numbered pages at 57-58 of substantiating material), which were not even addressed to, nor even named the managing agent. The new updated legal argument that the Town of New Paltz and its court now adopted through its prosecuting attorney Kevin Barry and Mark Jaffee, is that it was not student housing that was not allowed, as detailed in the original Orders To Remedy for both houses, (see hand-numbered pages at 57 and 58 of substantiating material, exhibit B), but rather student housing in excess of 5 unrelated students that was not allowed. I informed Mark Jaffee that in fact there were only, 5 students in the 137 house and invited Mark Jaffee to inspect in order to verify, but he declined to do so. In fact at trial, Mark Jaffee testified that he did

not in fact even know how many students resided in the 137 house. (see page 250 of Court transcript at exhibit C)

## MEDICAL DISABILITY DURING THE TRIAL ON NOVEMBER 14, 2019

During the criminal trial for the 137 Route 208 LLC on November 14, 2019, numerous Civil Rights Violations as well as Human Rights Violations were committed by the New Paltz Town Court against the property manager.  During the course of the trial and numerous hours into the trial, and after the prosecuting attorney had already concluded his presentation, the pro se defendant managing agent became incapacitated due to a medical disability resulting from lack of diabetic medication, and on at least two occasions informed the court on the record of this disability, and requested a continuation into the next day. (See hand-numbered pages 239-240 of substantiating material at exhibit B.) The property manager informed the court that in his present condition, he could not provide for a proper defense.  The court refused to accommodate this minimal request for a disability of an unrepresented defendant with a medical disability, and stated that we were required to conclude the proceedings that day.  (See hand-numbered pages at 239-240 of substantiating  material.)  By not

permitting this minimal accommodation for a disability, the New Paltz

Town Court, Judge Bacon and Kevin Barry violated the defendant

property manager's human rights under the New York State Human

Rights Law at section 296. (See hand-numbered pages at 211-212 of

substantiating material at exhibit B for a violation of this law).

Additional violations of Civil Rights under the United States Constitution

occurred when Mark Jaffee testified that he had never signed any

supporting deposition, and that his appearance ticket (presumably the

appearance ticket addressed to "Anthony Routolo") (see hand-

numbered pages 235-236 of substantiating material) was his

supporting deposition. Upon hearing this testimony, the New Paltz

Town Judge, James Bacon, prosecuting attorney Kevin Barryand Ulster

County assigned assistant district attorney, knew or should have known

that under CPL 170.65 the prosecution could not take place without a

supporting deposition, and converting the misdemeanor complaint into

an informational by supplementing the complaint with a supporting

deposition. (See hand-numbered pages at 151-152 and 168 of

substantiating evidence.) Without supplementing the complaint with a

supporting deposition, no prosecution can take place on a misdemeanor

complaint alone. The Judge at this point was required to dismiss the

26

proceedings, but knowingly, willfully, and as a dutiful employee of the

Town of New Paltz, he persisted and continued in his unlawful

prosecutorial effort, thereby violating the defendant's due process

rights under the 5th, 6th, 8th, and 14th amendment to the United States

Constitution, because the New Paltz Town Court prosecuted the

defendant without regard to compliance with the New York State CPL

170.65, 170.10 and 100.25.

Additional violations of due process under the 5th, 6th, 8th, and 14th,

amendment to the United States Constitution took place when the

Defendant was fraudulently informed by the New Paltz town judge that

he was convicted (see hand-numbered page 248), when in fact the jury

never even rendered a separate verdict on the defendant managing

agent, as is required under CPL 300.10(4), where it reads: " In its

charge, the court **must**....instruct the jury to render a verdict separately

and specifically upon each count submitted to it, **and with respect to**

**each defendant** if there be more than one, " (see hand-numbered page

248 of substantiating material). A cursory reading of the complaint for

the 137 house (see hand-numbered pages 157-158 of substantiating

material, exhibit B) reveals that in fact there was more than one

defendant listed thereon; therefore, without rendering of a separate

verdict on each defendant as is required under CPL 300.10(4), no

separate verdict was ever rendered on the managing agent.   Yet the

managing agent was committed to jail for a term of 90 days, without any

conviction to justify such jail sentence, and had fines imposed of $5,000

for the 137 property and $7,500 for the 139 property (see hand-

numbered pages 33-34), when New York State Town Law at section 268

imposes a maximum fine of $350 for a building code violation (see

hand-numbered page 31 of substantiating evidence).   A reading of the

pertinent pages of the court transcript, enclosed with these proceedings,

and those same relevant pages listed at hand-numbered pages 245-247

of exhibit B, reveals that the court never asked or instructed the jury to

render a separate verdict on the property manager, and without a

separate verdict, no verdict of guilty can be assumed on the property

manager.   By the jury not rendering a separate verdict on the property

manager, and not stating that the defendant property manager was

guilty, neither under his correct name, Angelo Ruotolo, nor under the

name given to him by Mark Jaffee Anthony Ruotolo, the property

manager cannot be assumed to be guilty.   Therefore, being fraudulently

informed by Judge Bacon that the defendant property manager was

found guilty, when in fact no such separate verdict was rendered by the

28

Jury, amounts to a violation of due process under the 5th and 14th Amendments to the United States Constitution, because the defendant was committed to jail without a verdict of guilty.  This separate and additional claim is based on **fraud** because at all relevant times the New Paltz Town Judge who is believed to be a graduate of the CUNY Law School, and Kevin Barry who is a licensed, practicing attorney duly admitted to the New York State Bar, knew or should have known that no separate verdict had been rendered on the managing property agent as was required under CPL 300.10(4).   By the New Paltz Town court fraudulently committing the defendant property manager to jail on the evening of January 7, 2020 for 90 days, knowing that the jury had not rendered a separate verdict of guilty on the property manager as it was required to do under CPL 310.10(4), the New Paltz Town Court deprived a defendant with a disability of liberty without due process of law or a guilty verdict, which are violations under the 14th Amendment to the United States Constitution.

Additional violations of due process under the 14th and 5th Amendments occurred when the New Paltz Town Court judge, as an employee of the Town of New Paltz, and acting on behalf of the Town of New Paltz (see complaint heading at hand-numbered pages 157-158 of

substantiating material), failed to instruct the jury that in order to render a criminal conviction of guilty, the jury must be unanimous in their decision as required under CPL 310.40(2), where it reads: "Before rendering and announcing the verdict, the foreperson of the jury... **must be asked whether the jury has agreed upon a verdict and must answer in the affirmative**." (see hand-numbered page 251 of substantiating material). A cursory reading of the Court Transcript at hand-numbered page 248 of exhibit B, reveals indisputably that this was never done, and as such defendants civil rights were violated under the 5th and 14th Amendments to the United States Constitution because the property manager was committed to jail, under a false name, without a unanimous verdict from the jury that was in accordance with CPL 310.40(2) and thus making it impossible to determine whether even the carefully handpicked jury was in unanimous agreement.

Additional violations of due process under the 5th and 14th Amendments to the United States Constitution occurred on the evening of November 14, 2019 when the New Paltz Town Court and prosecuting attorney acting on behalf of the Town of New Paltz, prosecuted and committed to jail the defendant property manager when such prosecution is specifically precluded under the New York State Limited

30

Liability Company Law at section 609. That section of the law specifically states that a managing member of an LLC cannot be held liable for the debts and obligations of the LLC. (See hand-numbered page 198 of substantiating material, exhibit B).

Additional violation of due process under the United States Constitution occurred when, at all relevant times, the New Paltz Town Judge, acting on behalf of his employer, the Town of New Paltz (see complaint heading at hand-numbered page 157-158), denied the defendant's application for bail pending appeal (see application at page 279-291) when in fact the judge is believed to have been required to grant such an application, based on the then-newly-enacted bail reform act that went into effect on January 1, 2020 and based on property manager's nonexistent criminal record. On the evening of January 7, 2020, the plaintiff was ordered taken into custody and committed to jail, under a false name created by the Building Inspector (see hand-numbered page 59) for a term of 90 days, and personally fined $5,000 for the 137 house and $7,500.00 for the 139 house, (exhibit B hand numbered pages 33-34) when in fact no trial had even taken place on the 139 house, because those proceedings had been stayed pursuant to New York State Town Law 267(a)6 (see hand-numbered pages 51-53 of

31

substantiating material, exhibit B.)  My appeal to the zoning board filed on November 18, 2019 stayed all criminal proceedings pursuant to law for the 139 Route 208 LLC.  In fact, attorney Kevin Barry wrote to the Judge on or about November 18, 2019 advising the Judge that because I had filed an appeal with the zoning board, the criminal proceedings were stayed.  (See hand-numbered page 60 of substantiating material.)  Yet New Paltz Town Judge, James Bacon still ordered the managing agent to pay personally a $7,500 fine or go back to jail while the proceedings were stayed.  (see hand numbered page 33 of exhibit B)

## REASONS FOR THE EXTRAORDINARY UNLAWFUL TREATMENT AND UNLAWFUL IMPRISONMENT OF PROPERTY MANAGER.

New Paltz, New York, is a college town, with the State University of New York at New Paltz its anchoring university.  The Municipal Class of New Paltz are people who reside in New Paltz, work as municipal employees, and also own and operate substantial student rental properties for off campus housing.  These municipal employees are believed to be orchestrating a campaign of having the building inspector issue building code violations and then raising those building code violations, to criminal proceedings in an effort to drive out selectively targeted

competing individuals. Those targeted individuals are those who do business as off campus housing operators in the Town of New Paltz, but do not live in New Paltz, and are therefore not part of the Municipal Class who also do off-campus housing in New Paltz. Based on information gathered through separate court proceedings and other publicly available information, located at hand-numbered pages 292-305 of substantiating material, at exhibit B, we see that Leonard Loza submitted an affidavit stating that he is the Chairperson of the New Paltz Zoning Board and also operates 16 student rental properties in New Paltz (see hand-numbered pages 292-293 of substantiating material, exhibit B). Examination of public records also shows that Adele Ruger is the Chairperson of the New Paltz Planning Board (see hand-numbered page 295), and based on her numerous New Paltz School District Tax bills as well as my own personal knowledge, she also operates numerous rental properties for off-campus housing. See hand-numbered page 298 of substantiating evidence at exhibit B. Further analysis of Public Records shows that Amy Cohen is listed as a member of the Planning Board (hand-numbered page 295) as well as on the Zoning Board, and her publicly-listed school tax bills shows that she too is a member of the Municipal Class and also a New Paltz landlord. (See

hand-numbered page 300 of substantiating evidence.)   A reading of

Mayor Tim Rogers's Facebook posting shows that he admits to being a

landlord in New Paltz.  (See hand-numbered pages 301-302 of

substantiating material.)  This is by no means a totality of the number of

individuals who are part of the Municipal Class operating off-campus

housing rentals, and certainly does not include those individuals who

are part of the Municipal Class who are also doing student rentals and

operating as a Limited Liability Company.  It is however sufficient to

establish that it is very common for members of the New Paltz

Municipal Class to do off-campus student rentals as a form of

supplemental income.  The Plaintiff believes that the Municipal Class is

acting in concert with both the New Paltz Building Inspector and the

New Paltz Town Court, to selectively target those individuals who are

outsiders, repeatedly bringing them to criminal court until they are

forced out of business, leaving only the most marginal and inadequate

housing for off-campus students.  The events that transpired at a public

Zoning Board hearing on October 9, 2018 substantiates that this is in

fact taking place.  Plaintiff's former neighbor at 131 Route 208 was

forced out of business when he was repeatedly hauled off to court under

criminal proceedings for building code violations.  The Building

34