**Federal Rules of Appellate Procedure Form 1.   Notice of Appeal to a Court of Appeals From a Judgment or Order of a District Court.**

United States District Court for the District of
NORTHERN DISTRICT OF NEW YORK

File Number 1:22-CV-00169-LEK-DJS

ANGELO RUOTOLO )
    *Plaintiff*, )
v. )      Notice of Appeal
)
TOWN OF NEW PALTZ )
    ET AL )
    *Defendant*. )

Notice is hereby given that ANGELO RUOTOLO, (plaintiffs) (AR) ~~(defendants)~~ in the above-named case*, hereby appeal to the United States Court of Appeals for the 2ND Circuit ~~(from the final judgment)~~ (from an order (describing it)) entered in this action on the 16TH day of MAY, 2023.

/s/ Angelo Ruotolo

~~Attorney~~ (AR) for PRO SE
Address: 96 PELHAM DRIVE
CORNWALL NY 12518

[*Note to inmate filers: If you are an inmate confined in an institution and you seek the timing benefit of Fed. R. App. P. 4(c)(1), complete Form 7 (Declaration of Inmate Filing) and file that declaration along with this Notice of Appeal.*]

TO: ALANA BARTLEY
    DRAKE LOEB
    555 HUDSON VALLEY AVE
    NEW WINDSOR NY 12553

COOK, NETTER, CLOONAN, KURTZ, AND MURPHY
85 MAIN STREET
KINGSTON NY 12401

*See Rule 3(c) for permissible ways of identifying appellants

ATTACHED PLEASE FIND COPY OF ORDER BEING APPEALED AS WELL AS TWO PAGE WRITING SETTING FORTH BASIS FOR APPEAL. (AR)

BASIS FOR APPEAL INCLUDE BUT ARE NOT LIMITED TO:

The lower Court did not consider the fraud claims as asserted against all of the New Paltz defendants. Fraud vitiates everything it touches and the fraud claims were asserted with the requirements as set forth under rule 9b of the Federal Rules of Civil Procedures.

The lower court treated a 12b(6) motion as a summary judgment motion without complying with rule 12(d) of the Federal Rules of Civil Procedures. Under rule 12(d) of the FRCP "If on motion under rule 12(b)(6) or 12(c) matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under rule 56. All parties must be given a reasonable opportunity to present all of the material that is pertinent to the motion. "

FRCP at 56(f) reads in pertinent part: "After giving notice and a reasonable time to respond, the Court may (1) grant summary judgment for a nonmovant; (2) grant the motion on grounds not raised by a party; or (3) Consider summary judgment on its own after identifying for the parties material facts not be genuinely in dispute."

The lower court never complied with FRCP at 56(f) because it never gave notice that it would be treating the 12(b)(6) motion as one for summary judgment and also did not provide any opportunity under rule 12(d) for the plaintiff to provide all pertinent material, as required. In fact the Plaintiff submitted a letter dated July 7th 2022 asking the lower court to take notice of the fact, CPLR section 430.10 specifically precludes sentence interruption once the sentence had started to run. The facts of the case are that New Paltz Town Judge Bacon did interrupt his illegally imposed 90 day jail sentence after the sentence had started to run, for a building code violation, and this sentence interruption could only be done if the sentence is illegal as a matter of law, pursuant to CPLR 440.20. Therefore, the criteria under Heck v Humphrey was fully satisfied, because Heck v Humphrey calls for either Overturn on Appeal or Sentence interruption. This letter to the court along with the attached evidence, even though required to be permitted to enter the record under rule 12(d), if the 12(b)(6) motion was going to be treated as a summary judgement, was in fact improvidently refused to be allowed to enter into the record by the lower court. See order dated 7/14/2022.

Opposing counsel has never denied the 38 fraud claims as asserted under the amended complaint nor the 43 fraud Claims as asserted under the proposed amended complaint, nor has she stated that the fraud claims as asserted by the plaintiff, did not take place. Under FRCP at 8(b), it states "(B) admit or deny the allegations asserted against it by an opposing party. " The denial of these fraud charges is also required under CPLR 3018, if the fraud claims are known to be untrue, otherwise they are deemed admitted. The fraud charges as asserted against Kevin Barry include fraudulently acting as a special prosecutor when he was never appointed as such, as required under New York County Law 701 and as required under New York title 22, Code of Rules and Regulation 200.15 which reads: "Any party filing with a superior court an application for appointment of a special district attorney, pursuant to section 701 of the County law, shall make the application to the Chief Administrative Judge. The Chief Administrative, Deputy Chief

Administrative Judge, or appropriate Administrative Judge shall assign a superior court judge to consider the application as provided by law, selected from a list of judges established for that purpose that has been approved by the Chief Administrator and the Presiding Justice of the Appellate Division. " Opposing counsel has never denied that Defendant Barry was never appointed in accordance with these required procedures, and she instead says in her 12(b)(6) motion that the Special prosecutor Barry was appointed by the New Paltz Town Board instead. The amended complaint as well as the proposed amended complaint both sets forth that this is all part of an ongoing fraud scheme to force out the off campus housing operators who are not part of the municipal class, from the New Paltz off campus market and this is being done to shield municipal workers from competition, who are also themselves off campus landlords. Some of the Municipal workers and town appointees who are also off campus landlords, along with the properties they own, are listed at pages 291-302 of exhibit B, and these are not mere bare bones allegations, but instead are based on clear and convincing evidence and in full compliance with rule 9(b) of the FRCP. These questions of fact must be determined by the Jury and not the lower Court. All of these frauds were overlooked by the lower court.

Fraud vitiates everything it touches, (United States v Trockmorton 98 US 61 (1878)), and that includes Judicial immunity for James Bacon. Fraud also vitiates prosecutorial immunity for Kevin Barry, since his actions were based on fraud and he himself is listed as a municipal employee in the motion to dismiss and also identified as a municipal employee by one of the jurors in the original trial for the building code violation (page 3 exhibit C). Kevin Barry also cannot avail himself of the prosecutorial immunity since he was never appointed as a special prosecutor because he was never appointed pursuant to law under New York County Law 701 nor appointed pursuant to law under Title 22 of the NYCRR at 200.15.

Please note: This notice of appeal is not being filed in order to be vexatious, but instead is being filed because the order being appealed came after the initial notice of appeal was filed and it is not known to the pro se plaintiff whether a notice of appeal filed before a subsequent order, is covered by the earlier notice of appeal. Therefore, out of an abundance of caution, plaintiff submits this second notice of appeal which pertains to the order dated 5/16/2023, along with the Basis for appeal.

Motions
00169-LEK-DJS Ruotolo
n of New Paltz et al

PPEAL,CASE-LIST-DJ,PRO SE

## U.S. District Court

### Northern District of New York - Main Office (Syracuse) [NextGen CM/ECF Release 1.7 (Revision 1.7.1.1)]

**Notice of Electronic Filing**

The following transaction was entered on 5/16/2023 at 5:24 PM EDT and filed on 5/16/2023
**Case Name:** Ruotolo v. Town of New Paltz et al
**Case Number:** 1:22-cv-00169-LEK-DJS
**Filer:**
**Document Number:** 88(No document attached)

**Docket Text:**
TEXT ORDER: On March 14, 2023, the Court dismissed all of Plaintiff's claims against James Bacon, Kevin Barry, Neil Bettex, Stacy Delarede, Mark Jaffee, and the Town of New Paltz ("New Paltz Defendants"). Dkt. No. [74] ("March 2023 Order"). On April 11, 2023, Plaintiff moved for reconsideration of the March 2023 Order. Dkt. No. [83]. The New Paltz Defendants opposed the motion on May 2, 2023. Dkt. No. [86]. Plaintiff filed a reply on May 9, 2023, wherein he also purported to move for leave to file an amended complaint and for a directed verdict in his favor. Dkt. No. [87]. Federal Rule of Civil Procedure 54(b) states that "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). However, the decisions referenced in Rule 54(b) "may not usually be changed unless there is 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent a manifest injustice.'" Official Comm. of Unsecured Creditors of the Color Tile, Inc. v. Coopers & Lybrand, LLP, 322 F.3d 147, 167 (2d Cir. 2003) (citing Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992)). This standard allows for decisions to be revisited, "subject to the caveat that 'where litigants have once battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it again.'" Id. (citing Zdanok v. Glidden Co., 327 F.2d 944, 953 (2d Cir. 1964)). It is well settled that a "simple difference of opinion, no matter how deep it runs, will not warrant reconsideration." United States v. Chiochvili, 103 F. Supp. 2d 526, 528 (N.D.N.Y. 2000) (Kahn, J.). Here, Plaintiff seeks to relitigate arguments that he already offered in opposition to the New Paltz Defendants' motion to dismiss. Compare Dkt. Nos. 83, 87, with Dkt. Nos. 57, 66, 70. Accordingly, his reconsideration motion, Dkt. No. [83], is DENIED. Plaintiff should also note that litigants may not use a reply to file new motions or cross-motions. See L.R. 7.1(c). Accordingly, his motion to amend and his cross-motion for a directed verdict, Dkt. No. [87], are also DENIED. Plaintiff is forewarned that this Court has the authority to enjoin litigants, including pro se litigants, from engaging in vexatious litigation. See Lipin v. Hunt, 573 F. Supp. 2d 836, 844-46 (S.D.N.Y. 2008). The Court will not hesitate to enter such an order should Plaintiff abuse the judicial system in the future. SO ORDERED by Senior Judge Lawrence E. Kahn on 5/16/2023. (Copy served via regular

1:22-cv-00169-LEK-DJS Notice has been electronically mailed to:

Alana R. Bartley    abartley@drakeloeb.com

Eric M. Kurtz    ekurtz@cookfirm.com

1:22-cv-00169-LEK-DJS Notice has been delivered by other means to:

Angelo Ruotolo
96 Pelham Drive
Cornwall, NY 12518

# AFFIDAVIT OF SERVICE

State of New York )
County of Orange )

The undersigned being duly sworn, deposes and says:

Mary E. Ruotolo is not a party to the action, is over
(name of person serving papers)

18 years of age and resides at 96 Pelham Drive, Cornwall NY 12578

_____
(complete address of person serving papers)

That on June 5, 2023, deponent served the within
(date of service)

Notice of Appeal
(name of document[s] served)

upon Ulster County and Sheriff's Office located at
(name of person/corporation served)

c/o attorney Eric Kurtz, Esq. Cook Netter et al., 85 Main Street, Kingston NY 12401
(complete address where other party/corporation served)

(Select method of service)

____ Personal Service: by delivering a true copy of the aforesaid documents personally; deponent knew said person/corporation so served to be the person/corporation described.

__X__ Service by Mail: by depositing a true copy of the aforesaid documents in a postpaid properly addressed envelope m a post office or official depository under the exclusive care and custody of the United States Postal Service.

_____
Signature of person serving papers

Mary E. Ruotolo
Printed Name

Sworn to before me this __5__ day of June 2023

_____
Notary Public

VICTORIA E LAPORTE
Notary Public - State of New York
NO. 01LA6299714
Qualified in Orange County
My Commission Expires May 1, 2026

# AFFIDAVIT OF SERVICE

State of New York )
County of Orange )

The undersigned being duly sworn, deposes and says:

Mary E. Ruotolo _____ is not a party to the action, is over
(name of person serving papers)

18 years of age and resides at 96 Pelham Drive, Cornwall NY 12518
(complete address of person serving papers)

That on June 5, 2023, deponent served the within
(date of service)

Notice of Appeal
(name of document[s] served)

upon Town of New Paltz and New Paltz defendants located at
(name of person/corporation served)

c/o attorney Alana Bartley, Esq, Drake Loeb, 555 Hudson Valley Ave, New Windsor NY 12553
(complete address where other party/corporation served)

(Select method of service)

____ Personal Service: by delivering a true copy of the aforesaid documents personally; deponent knew said person/corporation so served to be the person/corporation described.

__X__ Service by Mail: by depositing a true copy of the aforesaid documents in a postpaid properly addressed envelope m a post office or official depository under the exclusive care and custody of the United States Postal Service.

_____
Signature of person serving papers

Mary E. Ruotolo
Printed Name

Sworn to before me this __5__
day of June 2023

_____
Notary Public

VICTORIA E LAPORTE
Notary Public - State of New York
NO. 01LA6299714
Qualified in Orange County
My Commission Expires May 1, 2026



FROM:
ANGELO RUOTOLO
96 PELHAM DRIVE
CORNWALL NY 12518

TO: UNITED STATES
DISTRICT COURT NORTHERN
DISTRICT OF NEW YORK
445 BROADWAY
ALBANY N.Y. 12207