**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

ANGELO RUOTOLO,

                          Plaintiff,

     - v -                                            1:22-CV-169
                                                          (LEK/DJS)
SHERIFF JUAN FIGUEROA, *et al.*,

                          Defendants.

**APPEARANCES:**                                    **OF COUNSEL:**

ANGELO RUOTOLO
Plaintiff, *Pro Se*
Cornwall, New York 12518

COOK, NETTER LAW FIRM                  ERIC M. KURTZ, ESQ.
Attorney for Defendants
85 Main Street
P.O. Box 3939
Kingston, New York 12402

**DANIEL J. STEWART**
**United States Magistrate Judge**

## MEMORANDUM-DECISION AND ORDER

    *Pro se* Plaintiff brings this civil rights action, pursuant to 42 U.S.C. § 1983, alleging a myriad of constitutional violations resulting from his prosecution and subsequent incarceration in Ulster County. Dkt. No. 39, Am. Compl. Currently before the Court are Plaintiff's Motion to Amend, Defendants' opposition papers, and Plaintiff's Motion to Strike certain filings, which Defendants also oppose. Dkt. No. 109, Prop. Am.

Compl.; Dkt. Nos. 112-114, 118, & 121. For the following reasons, Plaintiff's Motions are **DENIED**.

## I. FACTUAL BACKGROUND

Over ten years ago, Plaintiff purchased two adjacent homes for use as rental properties in New Paltz, New York. Prop. Am. Compl. at pp. 24-25.[1] Shortly thereafter, building code violations were issued for both properties and related criminal proceedings were commenced against Plaintiff. *Id.* at p. 25. Compliance with the building code was later restored and the criminal proceedings against Plaintiff were withdrawn. *Id.* at pp. 29-30. In 2016, Plaintiff transferred the properties to two separate limited liability companies ("LLCs"), acting as manager for each LLC. *Id.* at p. 30. In 2018, criminal proceedings for new building code violations were commenced against the LLCs and Plaintiff in his management capacity. *Id.* Plaintiff alleges countless deficiencies related to his prosecution, a more fulsome discussion of which can be found in District Judge Kahn's Order dismissing Plaintiff's Complaint. Dkt. No. 74 at pp.15-17. Plaintiff represented himself during his one-day jury trial and was ultimately found guilty of violating the subject building code. *See generally* Dkt. No. 109-4. Thereafter, Plaintiff was sentenced to ninety days in Ulster County Jail and ordered to pay fines. *Id.* at p. 363.

---

[1] Citations are to the page numbers provided by the Court's CM/ECF system.

While incarcerated, Plaintiff maintains that he was denied access to his prescription medications and suffered as a result. Prop. Am. Compl. at pp. 69-71.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 15(a) states, in pertinent part, that leave to amend a pleading should be "freely given when justice so requires." *Tocker v. Philip Morris Cos.*, 470 F.3d 481, 491 (2d Cir. 2006). However, leave to amend should be denied where the proposed amendment is futile. *See, e.g.*, *Foman v. Davis*, 371 U.S. 178, 182 (1962). Futility exists if the proposed amendment fails to state a claim upon which relief may be granted, such that it would not survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See, e.g.*, *Lucente v. IBM Corp.*, 310 F.3d 243, 258 (2d Cir. 2002). To withstand 12(b)(6) dismissal, Plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In determining whether claims are sufficiently plausible, courts accept "all factual allegations as true and draw[] all reasonable inferences in favor of the plaintiff." *Trs. of Upstate N.Y. Eng'rs Pension Fund v. Ivy Asset Mgmt.*, 843 F.3d 561, 566 (2d Cir. 2016).

But courts need not accept "conclusory allegations or legal conclusions couched as factual . . . allegations." *Nielsen v. Rabin*, 746 F.3d 58, 62 (2d Cir. 2014) (internal

quotation marks omitted). Accordingly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. at 678. This standard remains true despite the fact that "[p]ro se complaints are held to less stringent standards than those drafted by attorneys," and courts are "required to read [a] plaintiff's pro se complaint liberally, interpreting it as raising the strongest arguments it suggests." *Johnson v. Darby*, 142 F. Supp. 3d 275, 277 (E.D.N.Y. 2015). Surely, courts "cannot read into pro se submissions claims that are not consistent with the pro se litigant's allegations . . . or arguments that the submissions themselves do not suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006) (internal quotation marks and citations omitted). Nor should courts "excuse frivolous or vexatious filings by pro se litigants," such as this one. *Iwachiw v. N.Y. State Dep't of Motor Vehicles*, 396 F.3d 525, 529 n.1 (2d Cir. 2005).

### III.  DISCUSSION

Plaintiff seeks to amend the Amended Complaint to restate old claims and add new claims and defendants. *See generally* Prop. Am. Compl. For the reasons below, Plaintiff's Motion is denied.

### A.  Plaintiff's Previously Dismissed Claims

Plaintiff's attempt to re-litigate previously dismissed claims warrants denial of the Motion as to those claims. Under the law of the case doctrine, "[t]he mere filing of an Amended Complaint does not entitle Plaintiff to relitigate his claims absent new factual

allegations." *Weslowski v. Zugibe*, 96 F. Supp. 3d 308, 316 (S.D.N.Y. 2015), *aff'd*, 626 F. App'x 20 (2d Cir. 2015); *see also Doe v. New York City Dep't of Educ.*, 2023 WL 9227096, at *3 (E.D.N.Y. Jan. 12, 2023) (dismissing amended complaint where "the factual allegations concerning Plaintiff's claim [were] unchanged"). As such, a finding of futility is appropriate where, as here, "[m]ost of the claims asserted in the proposed second amended complaint are a reassertion of the claims in the original complaint and the amended complaint that have already been dismissed." *Orr v. McGinty*, 2021 WL 781161, at *4 (N.D.N.Y. Mar. 1, 2021); *see also Henderson v. Popp*, 2022 WL 3593685, at *2 (N.D.N.Y. Aug. 23, 2022) (dismissing complaint where "the Amended Complaint re-assert[ed] . . . claims that were previously dismissed").

In his proposed Second Amended Complaint, Plaintiff asserts over forty claims alleging various constitutional violations, over thirty of which were previously dismissed by Judge Kahn. Dkt. Nos. 74 & 109-1. Nonetheless, Plaintiff restates the previously dismissed claims, adding only conclusory constitutional violations[2] to each, and asserts a handful of new claims. Dkt. Nos. 39-1 & 109-1. For example, in both his Amended Complaint and his proposed Second Amended Complaint, Plaintiff's first claim is for a

---

[2] In most of Plaintiff's repeated claims, he adds that the Fifth, Sixth, and Eighth Amendments were violated. Dkt. No. 109-1. Plaintiff's threadbare allegations are insufficient because merely assigning new constitutional provisions to previously dismissed facts does not meaningfully change the nature of the claims. Moreover, to the extent that Plaintiff assets claims under the Fifth and Eighth Amendments, those claims are futile because: (1) the Fifth Amendment only applies to federal, not state, actors and (2) the Eighth Amendment only applies post-conviction and most of Plaintiff's reasserted claims pertain to events prior to his conviction. *Dusenbery v. U.S.*, 534 U.S. 161, 167 (2002); *Jones v. Huff*, 789 F. Supp. 526, 533-34 (N.D.N.Y. 1992).

violation of New York State Criminal Procedure Law § 170.65.  Dkt. Nos. 39-1 at p. 2 & 109-1 at p. 1.  Plaintiff's frivolous reassertion of previously dismissed claims renders each restated claim futile.

Accordingly, each restated claim is dismissed.

### B.  Plaintiff's Remaining Claims

#### 1.  *Claim of Fraudulent Imprisonment*

In Claim 38, Plaintiff alleges that he was unlawfully and fraudulently imprisoned because he was not represented by counsel at his trial.  Dkt. No. 109-1 at p. 42.  To support his claim, Plaintiff wrongly relies on *Argersinger v. Hamlin* wherein the Supreme Court held that indigent criminal defendants may not be imprisoned absent trial counsel.  *Argersinger v. Hamlin*, 407 U.S. 25, 26, 37 (1972).

As a basic matter, criminal defendants have a constitutional right to represent themselves at trial.  *See, e.g.*, *Wilson v. Walker*, 204 F.3d 33, 37-38 (2d Cir. 2000).  Should they choose not to, "criminal defendants may not be denied the opportunity adequately to defend themselves or to appeal their convictions *because of their poverty*."  *Stubbs v. Harris*, 480 F. Supp. 523, 528 (S.D.N.Y. 1979) (emphasis added) (citing *Argersinger v. Hamlin*, 407 U.S. 25).  Based on this principle, "indigent defendant[s] [are] guaranteed the right to counsel."  *Dominguez v. Rock*, 2016 WL 542120, at *10 (E.D.N.Y. Feb. 9, 2016); *Gideon v. Wainwright*, 372 U.S. 335, 340-43 (1963).  Plaintiff bears the burden of establishing that he was unable to afford legal representation.  *See, e.g.*, *U.S. v.*

*Daugerdas*, 2012 WL 5835203, at *2 (S.D.N.Y. Nov. 7, 2012). Here, Plaintiff's claim fails because he has not pleaded facts alleging that he is indigent and thereby entitled to have had counsel appointed at trial. *See generally* Prop. Am. Compl. In fact, Plaintiff was previously denied *in forma pauperis* status. Dkt. No. 10. Plaintiff even retained counsel that he now asserts a legal malpractice claim against. Dkt. No. 109-1 at p. 47.

Because Plaintiff's allegations do not satisfy his burden of establishing that he could not afford counsel, Plaintiff's claim is dismissed.

### 2. *Claims Against Carnright, Clegg, and Rusk*

Claims 44, 47, and 48 are asserted against former Ulster County District Attorney Holley Carnright, current Ulster County District Attorney David Clegg, and Ulster County Assistant District Attorney John Rusk. Dkt. No. 109-1 at pp. 45-46. Each claim argues that Carnright, Clegg, and Rusk violated Plaintiff's rights by allowing Plaintiff to be prosecuted by "an unauthorized prosecutor [Kevin Barry] that was appointed by the town board." *Id.* at p. 46.

It is worth noting that Judge Kahn previously dismissed all claims against Kevin Barry—the very person Plaintiff maintains was unauthorized to prosecute him. Dkt. No. 74 at pp. 26-31. In doing so, Judge Kahn found that Barry was entitled to absolute prosecutorial immunity and Plaintiff failed to support his attack on Barry's authority "with plausible factual allegations." *Id.* at pp. 29-31. Moreover, Judge Kahn determined that "the authority to prosecute the underlying violations asserted against Plaintiff rested

squarely with the Town of New Paltz, and *not the Ulster County District Attorney*." *Id.* at p. 29 (emphasis added).  It follows that Carnright, Clegg, and Rusk did not allow an "unauthorized prosecutor" to prosecute Plaintiff, as they lacked authority to determine the manner in which Plaintiff was prosecuted in the first place.

Even so, Plaintiff's claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). It is well-settled that "*Heck* . . . bars § 1983 suits in which a favorable judgment 'would necessarily imply the invalidity of [the plaintiff's] . . . sentence.'" *Wiggins v. Mellia*, 2023 WL 6222303, at *1 (2d Cir. Sept. 26, 2023) (quoting *Heck v. Humphrey*, 512 U.S. at 487).  Thus, "as a prerequisite to maintaining his § 1983 action, [Plaintiff] must establish that his conviction or sentence has been overturned or invalidated by an administrative board or a state court or a federal court in a habeas proceeding." *Greathouse v. Meddaugh*, 2023 WL 5439456, at *1 (2d Cir. Aug. 24, 2023) (internal quotation marks omitted).  Here, Plaintiff has made no such showing.  To the contrary, Plaintiff's claims primarily allege various constitutional violations in relation to his existing conviction. *See generally* Prop. Am. Compl.; Dkt No. 109-1.

Because a finding that Carnright, Clegg, and Rusk allowed Plaintiff to be prosecuted by an unauthorized prosecutor would certainly implicate the validity of his underlying conviction, Plaintiff's claims are dismissed as baseless and, in any event, barred.

### 3. *Claim Against Gibney*

Claim 45 is asserted against Ulster County Compliance Officer, Thomas Gibney, for failure to adhere to the guidelines governing his official position. Dkt. No. 109-1 at p. 45. Specifically, Plaintiff argues that Gibney failed to "ensur[e] that [Ulster County's] Compliance Program [was] effective" and "efficient." Prop. Am. Compl. at p. 15. Plaintiff maintains that this alleged failure caused the constitutional violations asserted throughout his Complaint. *Id.*

Alleged violation of state law does not give rise to a § 1983 claim. *See, e.g.*, *Burroughs v. Petrone*, 138 F. Supp. 3d 182, 219 (N.D.N.Y. 2015). Accordingly, an employee's "failure to conform to state law does not itself violate the Constitution and is not alone actionable under § 1983." *Patterson v. Coughlin*, 761 F.2d 886, 891 (2d Cir. 1985). This is because § 1983 "imposes liability for violations of rights protected by the Constitution and laws of the United States, not for violations arising solely out of state or common-law principles." *Burroughs v. Petrone*, 138 F. Supp. 3d at 219 (citing *Fluent v. Salamanca Indian Lease Auth.*, 847 F. Supp. 1046, 1056 (W.D.N.Y.1994)). Here, Plaintiff merely alleges a violation of Gibney's duty to adhere to his duties as an Ulster County employee. As outlined above, Plaintiff's claim is insufficient to give rise to § 1983 liability.

Because Plaintiff's claim against Gibney does not warrant § 1983 liability, it is dismissed.

### *4. Claim Against O'Neil*

Claim 46 is asserted against Ulster County Commissioner of Jurors, Paul O'Neil. Dkt. No. 109-1 at pp. 45-46. Therein, Plaintiff asserts that O'Neil allowed a conflicted jury to be impaneled while "acting under the color o[f] State . . . Law." *Id.* at p. 46; Prop. Am. Compl. at pp. 13-15. In asserting his claim, Plaintiff overlooks the fact that O'Neil is immune from suit.

"[T]he Eleventh Amendment [bars individuals] from suing state officials in federal court for a violation of state law." *Catone v. Spielmann*, 149 F.3d 156, 160 n.1 (2d Cir. 1998). The term "state official" encompasses a wide array of state actors such as caseflow coordinators, commissioners of jurors, and other state actors. *Irazu v. Sainz De Aja*, 2023 WL 8447256, at *1-2 (2d Cir. Dec. 6, 2023) (finding caseflow coordinator was entitled to Eleventh Amendment immunity); *Derrick v. Bergen*, 2 Misc. 3d 396, 398 (N.Y. Sup. Ct. 2003) (holding that commissioner of jurors was a state official entitled to Eleventh Amendment immunity); *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009) (noting that Eleventh Amendment immunity extends to state agents). Here, Plaintiff alleges that O'Neil allowed a conflicted jury to be impaneled. Prop. Am. Compl. at pp. 13-15. The very essence of Plaintiff's claims triggers Eleventh Amendment immunity because he is alleging a failure to carry out official duties.

Thus, Plaintiff's claim against O'Neil is dismissed as barred by the Eleventh Amendment.

### 5. *Claim Against Cohn*

Plaintiff asserts Claim 49 for legal malpractice against his former attorney Mikael Cohn. Dkt. No. 109-1 at p. 47. Therein, Plaintiff maintains that Cohn abandoned representation after being paid his retainer fee. *Id.*

There is no federal cause of action for legal malpractice. *See Pare v. Valet Park of Am.*, 2021 WL 5564681, at *3 (N.D.N.Y. Nov. 29, 2021) ("To the extent that Plaintiff alleges legal malpractice or other state law claims, the Court dismisses those claims without prejudice for lack of subject matter jurisdiction."). Judge Kahn previously dismissed Plaintiff's state law claims, refusing to exercise supplemental jurisdiction. Dkt. No. 74 at p. 42. The same should be done here after dismissal of Plaintiff's federal claims for the reasons detailed above. But even if the Court exercised supplemental jurisdiction over Plaintiff's claim, it would fail. Under New York State law, "a plaintiff cannot state a malpractice claim against his criminal defense attorney if his conviction remains undisturbed." *Hoffenberg v. Meyers*, 73 F. App'x 515, 516 (2d Cir. Sept. 4, 2003) (internal quotation marks and citation omitted). Thus, to state a claim for legal malpractice, Plaintiff "must allege his innocence." *Britt v. Legal Aid Soc., Inc.*, 95 N.Y.2d 443, 446 (2000). To properly allege innocence, "criminal defendants must free themselves of the conviction." *Id.* at 447. As previously noted, Plaintiff's conviction remains intact, precluding his legal malpractice claim. Plaintiff even concedes that he waived his right to appeal. Dkt. No. 109-1 at p. 19.

That being so, Plaintiff's legal malpractice claim is dismissed.³

### 6. *Claims of Fraud and Monell Violations*

Plaintiff asserts fraud and *Monell* violations throughout his Complaint. *See generally* Dkt. No. 109-1. Plaintiff's threadbare allegations are unsuccessful. Plaintiff has not pleaded facts sufficient to satisfy the five following elements of fraud: "(1) a material misrepresentation or omission of fact (2) made by [a] defendant with knowledge of its falsity (3) and intent to defraud; (4) reasonable reliance on the part of the plaintiff; and (5) resulting damage to the plaintiff." *Crigger v. Fahnestock & Co.*, 443 F.3d 230, 234 (2d Cir. 2006). Instead, Plaintiff merely repeats the word "fraud" in his pleading over sixty times without more. *See generally* Dkt. No. 109-1. Likewise, Plaintiff "fail[ed] to clearly identify or demonstrate an unconstitutional policy that would support a claim of municipal liability [or] offer any evidence of a purported policy, practice, or custom" sufficient to state a *Monell* claim. *Fergerson v. Dep't of Educ. of City of N.Y.*, 2011 WL 308269, at *3 (S.D.N.Y. Jan. 31, 2011); *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658 (1978).

Consequently, any alleged claims for fraud or *Monell* violations are dismissed. Having dismissed the aforementioned claims, Claims 3 and 14 alleging denial of

---

³ Plaintiff also alleges that Ulster County Sheriff Juan Figueroa is liable for Plaintiff's alleged unconstitutional detention because he was, or should have been, aware that Plaintiff was unrepresented by legal counsel at trial, and therefore should not have been sentenced. Prop. Am. Compl. at pp. 71, 74. As noted herein, this assertion is a misstatement of the applicable law. Further, Plaintiff's wrongful conviction claim is barred by *Heck v. Humphrey,* 512 U.S. 477 (1994).

Plaintiff's prescription medication while incarcerated survive. Dkt. No. 109-1 at pp. 3-4, 18-19. Moving forward, discovery will be limited to these claims.

### C. Plaintiff's Motion to Strike Fraudulent Document

The document Plaintiff seeks to strike is "a screenshot of a statewide booking database which was provided in response to Plaintiff's [discovery] demand." Dkt. No. 118 at p. 4. Plaintiff asserts that the document is fraudulent because, as can be seen in the screenshot, it lists his name as "Anthony Ruotolo," not "Angelo Ruotolo." Dkt. No. 114 at pp. 1 & 9; Dkt. No. 121.

Courts "may order stricken from any pleading any insufficient defense or any redundant, immaterial, or scandalous matter." *S.E.C. v. TheStreet.Com*, 273 F.3d 222, 225 n.1 (2d Cir. Nov. 29, 2001); FED. R. CIV. P. 12(f). Courts can even strike entire pleadings under certain circumstances. *Flaks v. Koegel*, 504 F.2d 702, 705 n.2 (2d Cir. 1974); FED. R. CIV. P. 37. Neither such circumstance is present here because discovery typically takes place between the parties alone, not the Court. *See, e.g.*, *Santiago v. Dickershaid*, 2021 WL 4803642, at *3 (N.D.N.Y. Sept. 1, 2021). Thus, Plaintiff's request is not within the ambit of the Federal Rules of Civil Procedure.

As such, Plaintiff's Motion is denied.

### IV. CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED**, that Plaintiff's Motion to Amend (Dkt. No. 109) be **DENIED**; and it is further

**ORDERED**, that Plaintiff's Motion to Strike (Dkt. No. 114) be **DENIED**; and it is further

**ORDERED**, that the Clerk of the Court shall serve copies of this Memorandum-Decision and Order on the parties to this action.

Date:  February 20, 2024
       Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge