UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
─────────────────────────────────────────────

ANGELO RUOTOLO,

                    Plaintiff,

-against-                                      1:22-CV-169 (LEK/DJS)

SHERIFF JUAN FIGUEROA, *et al.*,

                      Defendants.
─────────────────────────────────────────────

## **MEMORANDUM-DECISION AND ORDER**

**I.     INTRODUCTION**

Pro se Plaintiff Angelo Ruotolo commenced this action pursuant to 42 U.S.C. § 1983 on November 15, 2021, Dkt. No. 1, and filed an amended complaint on January 21, 2022, Dkt. No. 39 ("Complaint"); Dkt. No. 39-1 ("Addendum"). The Court dismissed multiple Defendants on March 14, 2023. Dkt. No. 74. Now remaining Defendants Sheriff Juan Figueroa, Ulster County, Jane Doe, and John Doe filed a motion for summary judgment, Dkt. No. 133-8 ("Motion"), and provided a statement of material facts, Dkt. No. 133-7 ("Statement of Material Facts" or "SMF"). Plaintiff filed a response to the Motion, Dkt. No. 138 ("Response"), and Defendants filed a reply, Dkt. No. 140. Plaintiff filed a sur-reply, Dkt. No. 142, and Defendants filed a sur-response, Dkt. No. 144.

For the reasons that follow, the Motion is granted.

**II.    BACKGROUND**

    **A. Admission of Statement of Material Facts**

On June 10, 2024, Plaintiff was served with a standard form titled "Notification of the Consequences of Failing to Respond to a Summary Judgment Motion," which clarifies that if

Plaintiff "do[es] not submit a proper response to the defendants' statement of material facts, the Court may deem [Plaintiff] to have admitted the defendants' factual statements." Dkt. No. 134 at 2 (emphasis omitted); *see also* N.D.N.Y. L.R. 56.1(b). Plaintiff did not file a response to the Statement of Material Facts. *See generally* Resp. Therefore, the Court will deem properly supported facts stated in the Statement of Material Facts as true for the purposes of the Motion. *See Gubitosi v. Kapica*, 154 F.3d 30, 31 n.1 (2d Cir. 1998) (accepting as true the material facts contained in unopposed statement of material facts).

### B. Factual Background

The factual summary of this action is taken from the Statement of Material Facts.

In 2012 and 2013, Plaintiff purchased two properties. SMF ¶¶ 1–2. Plaintiff transferred the properties to two separate LLCs in 2016, where he remained "in a management capacity for each LLC." *Id.* ¶ 3 (quoting Compl. at 29[1]). In 2018, criminal charges were filed against the LLCs and their management agent, who was listed as "Anthony Ruotolo" instead of "Angelo Ruotolo." *Id.* ¶ 4. Plaintiff was found guilty of a housing code violation and sentenced by the Town of New Paltz Justice Court to a 90-day jail term. *Id.* ¶ 5.

Plaintiff was incarcerated at Ulster County Jail. *Id.* ¶ 8. Upon surrendering on January 7, 2020, Plaintiff was processed under the name "Anthony Ruotolo," the name listed on the commitment order from the Justice Court. A routine background check included the use of the name "Angelo." *Id.* ¶ 6.

While incarcerated, Plaintiff requested his diabetic medications. *Id.* ¶ 8. Ulster County Jail staff reached out to various pharmacies based on the information provided by Plaintiff to get

---

[1] Citations to the Complaint refer to the pagination generated by CM/ECF, the Court's electronic filing system.

2

his prescription information. *Id.* The pharmacies advised that they had no records for "Anthony Ruotolo," nor any records for "Angelo Ruotolo." *Id.* This was the case even after providing the pharmacies with Plaintiff's telephone number, date of birth, and social security number. *Id.*

Ulster County Jail staff requested that Plaintiff submit to lab work to assess appropriate medical care for him. *Id.* ¶ 9. Plaintiff refused to allow lab work on four separate occasions, "stating that he did not wish to have the work performed until he was taking his regular medications." *Id.* While incarcerated, Plaintiff received insulin injections on at least six separate occasions. *Id.* ¶¶ 10, 13. Plaintiff was released from custody on February 11, 2020. *Id.* ¶ 13.

Plaintiff asserts two remaining claims: (1) Eighth Amendment deliberate indifference to his serious medical needs under 42 U.S.C. § 1983 and (2) denial of medication under New York State Human Rights Law § 296(2)(a).[2] *See* Dkt. No. 122 at 12–13; Add'm at 13–14, 2–3.

### III.  LEGAL STANDARD

Rule 56 of the Federal Rules of Civil Procedure instructs courts to grant summary judgment if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if it "might affect the outcome of the suit under the governing law," and a dispute is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Thus, while "[f]actual disputes that are irrelevant or unnecessary" will not preclude summary judgment, summary judgment cannot be granted if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*; *see*

---

[2] The Addendum to the Complaint states "a violation of New York State Human Rights Law at paragraph 2(A) and 2(A)(ii)." Add'm at 2. However, since the language Plaintiff refers to is from N.Y. Exec. Law § 296(2)(a), the Court will construe this claim under Section 296(2)(a).

*also Taggart v. Time, Inc.*, 924 F.2d 43, 46 (2d Cir. 1991) ("Only when no reasonable trier of fact could find in favor of the nonmoving party should summary judgment be granted.").

The party seeking summary judgment bears the burden of informing a court of the basis for its motion and identifying those portions of the record that the moving party claims will demonstrate the absence of a genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

After the moving party has met its initial burden, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts" to defeat summary judgment. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The nonmoving party may not rely on mere conclusory allegations, speculation, or conjecture," *Fischer v. Forrest*, 968 F.3d 216, 221 (2d Cir. 2020), and must present more than a mere "scintilla of evidence" to support its claims, *Anderson*, 477 U.S. at 252. At the same time, a court must resolve all ambiguities and draw all inferences in favor of the nonmoving party. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S 133, 150 (2000). The Court "may not make any credibility determinations or weigh the evidence." *Id.* Thus, a court's duty in reviewing a motion for summary judgment is "carefully limited to discerning whether there are any genuine issues of material fact to be tried, not to deciding them." *Gallo v. Prudential Residential Servs., Ltd. P'ship*, 22 F.3d 1219, 1224 (2d Cir. 1994).

## IV. DISCUSSION

### A. Doe Defendants

As an initial matter, Defendants argue that Defendants Jane Doe and John Doe should be dismissed because "Plaintiff has taken no steps to identify or serve those individuals and discovery has come to a close." Mot. at 17 (emphasis omitted). The Court agrees. Plaintiff has

had ample time since commencing this action to identify the Doe Defendants, but has not done so. "All discovery is complete and thus, [P]laintiff's failure to identify the 'John Doe' defendant[s] mandates dismissal." *Epps v. City of Schenectady*, No. 10-CV-1101, 2013 WL 717915, at *5 (N.D.N.Y. Feb. 27, 2013). Plaintiff does not address this argument in his Response. *See Burns v. Trombly*, 624 F. Supp. 2d 185, 197 (N.D.N.Y. 2008) (dismissing four Doe defendants because the "[p]laintiff has failed to oppose that portion of [the d]efendants' motion requesting dismissal of [the] claims against the four 'John Doe' [d]efendants").

Accordingly, Defendants Jane Doe and John Doe are dismissed from this action.

### B.  Deliberate Indifference Claim

Defendants argue that Plaintiff's Eighth Amendment deliberate indifference claim fails to state a claim and cannot survive summary judgment. Mot. at 6–16.

"In order to establish an Eighth Amendment claim arising out of inadequate medical care, a prisoner must prove 'deliberate indifference to [his] serious medical needs.'" *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). "This standard incorporates both objective and subjective elements." *Smith v. Carpenter*, 316 F.3d 178, 183 (2d Cir. 2003). "The objective 'medical need' element measures the severity of the alleged deprivation, while the subjective 'deliberate indifference' element ensures that the defendant prison official acted with a sufficiently culpable state of mind. *Id.* at 183–84 (citing *Chance*, 143 F.3d at 702).

Regarding the subjective element, "[a]n official acts with the requisite deliberate indifference when that official 'knows of and disregards an excessive risk to inmate health or safety.'" *Chance*, 143 F.3d at 702 (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)). "An inmate's refusal to receive treatment indicates that the inmate's treating doctors and nurses were

not deliberately indifferent to the inmate's medical needs." *Nelson v. Deming*, 140 F. Supp. 3d 248, 261 (W.D.N.Y. 2015) (citing *Jones v. Smith*, 784 F.2d 149, 152 (2d Cir. 1986)). "[M]ere disagreement over the proper treatment does not create a constitutional claim. So long as the treatment given is adequate, the fact that a prisoner might prefer a different treatment does not give rise to an Eighth Amendment violation." *Chance*, 143 F.3d at 703; *see Hill v. Curcione*, 657 F.3d 116, 123 (2d Cir. 2011) ("[A] prisoner does not have the right to choose his medical treatment as long as he receives adequate treatment.").

Plaintiff cannot satisfy the subjective element, as he fails to present any evidence that Defendant Ulster County or Defendant Figueroa possessed a sufficiently culpable state of mind when their staff did not provide Plaintiff with his diabetes medication. The uncontroverted Statement of Material Facts portrays Defendant's staff as attempting to address Plaintiff's issues, rather than "disregard[ing] an excessive risk to [Plaintiff's] health or safety." *Chance*, 143 F.3d at 702. Indeed, the staff attempted to find Plaintiff's prescription information by reaching out to various pharmacies. When Defendants' staff could not obtain Plaintiff's prescription information, they requested that Plaintiff submit to lab work on several occasions. Plaintiff refused. Defendants' staff also treated Plaintiff with insulin injections on multiple occasions. Although Plaintiff argues that "the amount of insulin administered was woefully inadequate," Resp. at 11, Plaintiff's refusal to undergo lab work undercut the staff's ability to properly assess and treat Plaintiff. Therefore, the cumulative efforts by the jail staff, coupled with Plaintiff's refusal of treatment, indicate that the subjective element of Plaintiff's Eighth Amendment claim cannot be satisfied. *See Nelson*, 140 F. Supp. 3d at 261 (finding no deliberate indifference when the "undisputed evidence" shows that the plaintiff refused to receive medical treatment and failed to comply with the directions he received from the defendant-prison employees).

Plaintiff's other arguments that the subjective element is satisfied our unavailing. Plaintiff contends that Defendants were deliberately indifferent when looking for his prescription because he "stated repeatedly to Ulster County jail personnel that [his] real name was Angelo and not Anthony." Resp. at 18. However, the jail staff searched for both "Anthony Ruotolo" and "Angelo Ruotolo" when conducting the background check and attempting to find Plaintiff's pharmaceutical records. Defendants' staff even provided the pharmacies with Plaintiff's telephone number, date of birth, and social security number. Although Plaintiff states that his own private investigator failed to find "Anthony Ruotolo" on any database, Resp. at 5, this does not contradict the unopposed Statement of Material Facts, nor does it bear on Defendant's state of mind.

Beyond that, Plaintiff argues that he did not refuse lab work, but rather he only wanted to take his medication before submitting to lab work. *See* Resp. at 2. However, "mere disagreement over the proper treatment does not create a constitutional claim," and "the fact that [Plaintiff] might prefer a different treatment does not give rise to an Eighth Amendment violation." *Chance*, 143 F.3d at 703.

Since Plaintiff cannot satisfy the subjective element, the Court grants summary judgment in favor of Defendants on Plaintiff's deliberate indifference claim.

### C. Denial of Medication Claim

Defendants argue that Plaintiff's denial of medication claim is not cognizable under New York law. Mot. at 16–17. Plaintiff alleges a violation of Section 296(2)(a) of the New York State Human Rights Law, which states in relevant part that it is "an unlawful discriminatory practice for any . . . agent or employee of any place of public accommodation . . . to refuse, withhold

7

from or deny to such person any of the accommodations" because of their "disability." N.Y. Exec. Law § 296(2)(a); *see* Add'm at 3.

However, a jail is not a "place of public accommodation." *See* N.Y. Exec. Law § 292(9); *Letray v. New York State Div. of Human Rights*, 121 N.Y.S.3d 481, 483 (N.Y. App. Div. 2020) ("For purposes of the Human Rights Law, a 'public accommodation, resort or amusement' offers 'conveniences and services to the public' and is 'generally open to all comers.' . . . It defies logic to suggest that law enforcement is providing 'conveniences' or 'services' to those arrested and detained. Nor is arrest and detention 'open to all comers' in any sense.") (cleaned up). As Plaintiff was held in Ulster County Jail, his Section 296(2)(a) claim is not applicable. *See id.* ("Arrest and incarceration are properly viewed as *the antithesis* of a 'public accommodation'") (cleaned up). The Court grants Defendants summary judgment on Plaintiff's denial of medication claim.

Since summary judgment is granted in favor of Defendants on all claims, the Court denies as moot Plaintiff's letter requesting participation in the Assisted Mediation Program. Dkt. No. 131.

**V.     CONCLUSION**

Accordingly, it is hereby:

**ORDERED**, that Defendants Jane Doe and John Doe are **DISMISSED** from this action; and it is further

**ORDERED**, that Defendants' Motion for summary judgment, Dkt. No. 133, is **GRANTED**; and it is further

**ORDERED**, that Plaintiff's letter requesting participation in the Assisted Mediation Program, Dkt. No. 131, is **DENIED as moot**; and it is further

**ORDERED**, that the Clerk close this action; and it is further

**ORDERED**, that the Clerk serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:   January 23, 2025
             Albany, New York

_____
LAWRENCE E. KAHN
United States District Judge