UNITED STATES DISTRICT COURT
<u>NORTHERN DISTRICT OF NEW YORK</u>

ANGELO RUOTOLO,

                Plaintiff,

-against-                                      1:22-CV-169 (LEK/DJS)

SHERIFF JUAN FIGUEROA, *et al.*,

                Defendants.

## <u>DECISION AND ORDER</u>

      Currently before the Court is pro se Plaintiff Angelo Ruotolo's letter requesting that the Court "reconsider its decision[s]" to grant summary judgment and to deny reinstatement of the New Paltz Defendants. Dkt. No. 154 ("Motion"). For the reasons that follow, the Motion is denied.

      First, Plaintiff seeks reconsideration of the Court's January 23, 2025 Memorandum-Decision and Order, Dkt. No. 149 ("January Order"), in which the Court granted Defendants' motion for summary judgment and ordered the Clerk to close the case. Mot. at 1. "In order to prevail [on a motion for reconsideration], the moving party must demonstrate that the Court overlooked controlling decisions or factual matters that were put before the Court on the underlying motion." *Lichtenberg v. Besicorp Grp.*, 28 F. App'x 73, 75 (2d Cir. 2002) (internal quotations omitted). Plaintiff asks the Court to reconsider the January Order because the Court made an "error" in stating that Plaintiff did not file a response to Defendants' Statement of Material Facts, Dkt. No. 133-7 ("Statement of Material Facts" or "SMF"). Mot. at 1. Plaintiff argues that the Court overlooked his submission of a "24 page signed and sworn affidavit with 9

exhibits attached" in response to the motion for summary judgment. *Id.*; *see* Dkt. No. 138 ("Affidavit" or "Response").

Under the Local Rules for the Northern District of New York, a response to a statement of material facts must "mirror the movant's Statement of Material Facts by admitting and/or denying each of the movant's assertions in a short and concise statement, *in matching numbered paragraphs*." L.R. 56.1(b) (emphasis added). Plaintiff's Affidavit did not respond to the numbered paragraphs in the Statement of Material Facts. Instead, the Affidavit proclaimed to be a "point by point rebuttal to the affidavit in support for summary judgment and also a point by point rebuttal to Major Bleau's affidavit," which was not a proper response. Resp. at 1–2. Plaintiff's Affidavit did not mirror Defendants' Statement of Material Facts, nor did it admit or deny each of its assertions.

"Plaintiff was served with a standard form titled 'Notification of the Consequences of Failing to Respond to a Summary Judgment Motion,' which clarifies that if Plaintiff 'do[es] not submit a proper response to the defendants' statement of material facts, the Court may deem [Plaintiff] to have admitted the defendants' factual statements.'" Jan. Ord. at 1–2. That is precisely what the Court did in its January Order.

Moreover, even though Plaintiff's Affidavit was not a proper response to the Statement of Material Facts, the Court still considered it in deciding the motion for summary judgment. *See, e.g.*, Jan. Ord. at 7 ("Although Plaintiff states that his own private investigator failed to find 'Anthony Ruotolo' on any database, Resp. at 5, this does not contradict the unopposed Statement of Material Facts."). As such, Plaintiff cannot point to his Affidavit as a matter which the Court overlooked. Plaintiff therefore fails to satisfy his burden for a motion for reconsideration.

Second, Plaintiff requests the Court to reconsider the order denying reinstatement of the New Paltz Defendants, Dkt. No. 147. Mot. at 1. Federal Rule of Civil Procedure 54(b) states that "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." However, decisions "may not usually be changed unless there is 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent a manifest injustice.'" *Official Comm. of Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP*, 322 F.3d 147, 167 (2d Cir. 2003) (quoting *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)). This standard allows for decisions to be revisited, "subject to the caveat that 'where litigants have once battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it again.'" *Id.* (quoting *Zdanok v. Glidden Co.*, 327 F.2d 944, 953 (2d Cir. 1964)).

Plaintiff now claims that, although filed over twenty-two months after their dismissal, his motion to reinstate the New Paltz Defendants is based on "new evidence." Mot. at 1. Not so. This "new" evidence is merely an exchange of emails between Plaintiff and a New Paltz building inspector, initiated by an email Plaintiff sent on January 7, 2025. *See* Dkt. No. 147 at 6. The Court rightly dismissed the motion as untimely, since Plaintiff's attempts to 'discover' this alleged evidence by sending the email did not start until twenty-two months after dismissal of the New Paltz Defendants. *See Official Comm. of Unsecured Creditors of Color Tile, Inc.*, 322 F.3d at 168 (upholding the district court's denial of Rule 54(b) motion because "the evidence was not 'new' and it was 'available'"). Plaintiff provides no explanation why he waited this long, only

3

that the "emails had not yet transpired." Mot. at 1. Regardless, nothing in the email exchange provides any "good reason" as to why the New Paltz Defendants should be reinstated. *Official Comm. of Unsecured Creditors of Color Tile, Inc.*, 322 F.3d at 167. As such, the Court will not reinstate the New Paltz Defendants, and the case remains closed.

Accordingly, it is hereby:

**ORDERED**, that the Motion, Dkt. No. 154, is **DENIED**; and it is further

**ORDERED**, that the Clerk serve a copy of this Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:    February 24, 2025
          Albany, New York

LAWRENCE E. KAHN
United States District Judge

4